IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES A. RANSOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:08cv214-CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On December 10, 2008, plaintiff's counsel filed an application for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1). (Doc. # 18). Plaintiff's counsel requested that payment of fees be paid to counsel because the plaintiff signed a fee agreement in which she assigned any fees awarded to her attorney. The parties agree that $2,742.88 is a reasonable attorney's fee in this case. *See* Doc. # 20.

On May 5, 2008, the Eleventh Circuit Court of Appeals decided *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) in which the Court unambiguously held that "attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney." *Id*. at 738. Accordingly, upon consideration of the motion and for good cause, it is

ORDERED as follows:

1. That the plaintiff's application for attorney's fees and expenses (doc. # 18) be and is hereby GRANTED to the extent that the plaintiff be and is hereby AWARDED fees and expenses in the amount of $2,742.88.

2.	To the extent that plaintiff's counsel requests that fees should be awarded directly to counsel, 28 U.S.C. § 2412(d)(1)(A) authorizes the court to award fees to the prevailing party. *See* 28 U.S.C. § (d)(2)(B). *See also Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008). The motion that fees be paid directly to counsel be and is hereby DENIED.

Done this 24th day of December, 2008.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE